```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Solomon Upshaw,                )
U Transport Corp.,             )
                               )
        Plaintiffs,            )
                               )
        v.                     )    Case No. 2:12-cv-181
                               )
WMB Construction, Inc.,        )
William B. Brandon, Jr.,       )
                               )
        Defendants.            )
```

                        OPINION AND ORDER
                   (Docs. 10, 12, 14, 15, 16)

Plaintiffs Solomon Upshaw and U Transport Corp., proceeding *pro se*, bring this action seeking relief regarding title to a motor vehicle that was allegedly purchased by Defendants WMB Construction, Inc. and William B. Brandon, Jr.  Now before the Court are several motions, including Upshaw's motions for default judgment (Doc. 10), his motion for an order requiring the United States Secretary of Transportation to return the vehicle (Doc. 15), and his motion for imposition of fines (Doc. 16).  Also before the Court are Defendants' motion to dismiss (Doc. 12) and motion for extension of time in which to file an answer (Doc. 14).  For the reasons set forth below, Upshaw's motions are DENIED, Defendants' motions are GRANTED, and Upshaw is granted leave to file an Amended Complaint.

<u>Factual Background</u>

Upshaw, as President of co-plaintiff U Transport Corp., alleges that Defendants are "state law purchasers" of a "towed tractor" that was sold in Rhode Island. (Doc. 1 at 2.) Although the claims being asserted in the Complaint are not clear, Upshaw appears to allege that he is the rightful owner of the vehicle, which was wrongfully "bought and towed" to Rhode Island from Massachusetts. *Id.* Upshaw further claims that Defendants have refused to "state the name of the property owner and his address, and name, bill of sale, how much [the] vehicle sold for and why the vehicle [was] towed to and registered in Rhode Island and Massachusetts." *Id.* The Complaint claims to have "[n]o state law remedy," and asserts that this Court has subject matter jurisdiction pursuant to the Federal Aviation Administration Authorization Act of 1994 ("FAAA"). *Id.*

Defendants' motion to dismiss reports that Upshaw has "asserted similar vague claims in 6 separate actions in Massachusetts . . . . It is only in that light that defendants know the plaintiff is seeking some form of relief relating to defendants' title to a motor vehicle which they obtained through the Rhode Island abandoned vehicle law,

R.I. Gen. law § 39-12.1." (Doc. 12 at 4.) Documents submitted with the Complaint indicate that, at one time, Upshaw was the owner of one or more vehicles, and that U Transport Corp. held a permit from the Interstate Commerce Commission to operate as a "contract carrier by motor vehicle." (Doc. 1-1 at 3.)

Among the motions pending before the Court is Defendants' motion to dismiss for lack of subject matter, lack of personal jurisdiction, and failure to state a claim upon which relief may be granted. With respect to the question of personal jurisdiction, Defendant William Brandon has submitted an affidavit in which he avers that he is a resident of Taunton, Massachusetts, that Defendant WMB Construction, Inc. has a principal place of business in Taunton, Massachusetts, and that neither Defendant has conducted business in Vermont. Upshaw's mailing address is in Cape Neddick, Maine.

I. <u>Default Judgment and Defendants' Motion to Vacate</u>

The first motion before the Court is Plaintiffs' motion for default judgment. Plaintiffs filed their Complaint on August 7, 2012. The Complaint was served via first class mail, return receipt requested, that same day. On August

3

30, 2012, the Court issued an Order requiring Defendants to answer on or before September 12, 2012.  The Order also allowed Upshaw to file a request for a Clerk's Entry of Default.

Plaintiffs requested Entry of Default on September 11, 2012.  They moved for Default Judgment on October 9, 2012.  Summonses indicating in-hand, personal service upon Defendants were also filed with the Court on October 9, 2012.  Pursuant to those summonses, Defendants' answers were due October 17, 2012, and they filed their motion to dismiss on that date.  Defendants have since moved the Court to either extend the answer deadline set forth in the August 30, 2012 Order, or to vacate the Order because the original form of service, via first class mail, was defective.

Under Federal Rule of Civil Procedure 4(d), a plaintiff may request that a defendant waive personal service of the summons.  While the request may be sent via mail, there is no indication in this case that Upshaw included a waiver form or a prepaid means of returning the form as required by the Rule.  *See* Fed. R. Civ. P. 4(d)(1)(C).  Moreover, no waivers were filed with the Court.  In absence of either a valid Rule 4(d) waiver request or response, service of

4

process needed to be accomplished pursuant to Fed. R. Civ. P. 4(e).

Under Rule 4(e), service upon an individual must be made either in accordance with state law, or by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Under Vermont law, the requirements are nearly identical. Vt. R. Civ. P. 4(d)(1). Here, service was accomplished by means of in-hand service by a Deputy Sheriff in Massachusetts in compliance with Rule 4(e). (Docs. 8, 9.)

Pursuant to the terms of the summonses and Fed. R. Civ. P. 12(a)(1)(A), Defendants' answer was due within 21 days after service. Given that the summonses were personally served on September 26, 2012, Defendants timely filed their motion to dismiss on October 17, 2012. To the extent that the Court ordered an answer prior to October 17, 2012, an extension of time is warranted, as the initial effort at

service of process via first class mail was insufficient. Accordingly, Defendants' motion for extension of time is GRANTED, and their motion to vacate is DENIED as moot. Plaintiffs' motion for default judgment, premised upon the assertion that Defendants' failed to file a timely response to the Complaint, is DENIED.

II. Defendants' Motion to Dismiss

Next before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.  With respect to subject matter jurisdiction, the Complaint cites the FAAAA, which is codified at 49 U.S.C. § 14501.  The Complaint asserts that Plaintiffs "seek FAAAA preemption" because the statute allegedly governs "any law related to a price, route, or service of any motor carrier, recovery tractor and trailer."  (Doc. 1 at 1.)  Defendants argue that the statute grants jurisdiction to the Interstate Transportation Board, and "clearly does not assign jurisdiction to the Vermont Federal Court for the private cause of action alleged here by a citizen from Maine against a citizen and/or corporation from Massachusetts . . . ."  (Doc. 12 at 2.)

In 1994, Congress enacted the FAAAA in order "to pre-

empt state trucking regulation." *See Rowe v. New Hampshire Motor Transport Ass'n*, 552 U.S. 364, 368 (2008). Accordingly, the statute provides that "a State . . . may not enact or enforce a law . . . related to price, route, or service of any motor carrier . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). The term "related to" has been defined as "having a connection with or reference to rates, routes, or services." *New York Motor State Truck Ass'n v. Pataki*, 2004 WL 2937803, at *5 (S.D.N.Y. Dec. 17, 2004) (citing *Morales v. TransWorld Airlines, Inc.*, 504 U.S. 374, 384 (1992)).

In this case, Plaintiffs' claims do not appear to pertain to the "transportation of property," or to transportation rates charged by a participant in the trucking industry. Instead, the case appears to concern Upshaw's prior ownership of one or more vehicles, and issues relating to legal title. It is therefore unclear whether jurisdiction is proper under the FAAAA. *Compare Rockwell v. United Parcel Service, Inc.*, 1999 WL 33100089, at *2 (D. Vt. July 7, 1999) (asserting jurisdiction under the FAAAA where carrier delivered a dangerous package).

Irrespective of whether this matter falls within the

jurisdictional purview of the FAAAA, the question of personal jurisdiction is more easily resolved. Plaintiffs' bear the burden of showing that the Court has personal jurisdiction over Defendants. *See Chaiken v. VV Publ'g Corp.*, 119 F.3d 1018, 1025 (2d Cir. 1997). In a case such as this where there has been no discovery, he can satisfy his burden by offering *prima facie* evidence of jurisdiction. *See id.; see also Tom and Sally's Handmade Chocolates, Inc. v. Gasworks, Inc.*, 977 F. Supp. 297, 299 (D. Vt. 1997).

A two-part inquiry governs personal jurisdiction determinations. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). Generally, a court must first review the state long-arm statute, and then consider whether asserting personal jurisdiction would violate principles of due process. *See id.* at 567-68. However, because Vermont's long-arm statute allows jurisdiction over a defendant to the full extent permitted by the Due Process Clause, the inquiry is reduced to only the due process analysis. *See id.* at 567 (citing *Bechard v. Constanzo*, 810 F. Supp. 579, 582-83 (D. Vt. 1992)).

The due process analysis requires courts to consider: (1) whether the defendant has sufficient "minimum contacts"

with the forum state, and (2) if such contacts exist, whether jurisdiction based on such contacts is reasonable under the circumstances of the particular case. *Id.* To satisfy the first prong of this analysis, a non-resident defendant must have sufficient minimum contacts with the forum state that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "[M]inimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "Intentional and affirmative action by the nonresident defendant in the forum state is the key to personal jurisdiction." *Ben & Jerry's Homemade, Inc. v. Coronet Priscilla Ice Cream Corp.*, 921 F. Supp. 1206, 1210 (D. Vt. 1996).

For purposes of the minimum contacts test, courts draw a distinction between "specific" and "general" jurisdiction. Specific, or "case-linked" jurisdiction, *see Goodyear Dunlop*

*Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011), exists "when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum."  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).  General, or "all-purpose" jurisdiction, *see Goodyear*, 131 S. Ct. at 2851, "is based on the defendant's general business contacts and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts."  *Metro. Life*, 84 F.3d at 567-68; *see also Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 166 (2d Cir. 2005) ("No single event or contact connecting defendant to the forum state need be demonstrated; rather, the totality of all defendant's contacts with the forum state must indicate that the exercise of jurisdiction would be proper.").

In this case, the parties' filings offer no support for specific jurisdiction, as there is no indication that this case arises out of Defendants' contacts with Vermont. Plaintiffs' allegations make reference to registrations in Rhode Island and Massachusetts, as well as contacts with the States of New Jersey, Maine, and Alabama.  (Doc. 1 at 2-3.)

10

Aside from the case caption bearing the name of this Court, and brief mention of the Vermont Truck and Bus Association's status as a party in an apparently unrelated civil case previously presented to the United States Court of Appeals for the First Circuit, the Complaint makes no reference to the State of Vermont.  Upshaw himself appears to be a Maine resident.  The Brandon affidavit places Defendants in Massachusetts, and states that title to the vehicle in question was secured by a previous owner pursuant to Rhode Island's abandoned vehicle law.  (Doc. 12-1 at 1.)

Absent specific jurisdiction, the Court must consider whether it may exercise general jurisdiction over Defendants.  Because the contacts that establish general jurisdiction are unrelated to the events giving rise to the suit, courts impose a "more stringent" version of the minimum contacts test for general jurisdiction than for specific jurisdiction. *Metro. Life*, 84 F.3d at 568. Specifically, to establish general jurisdiction, Upshaw is required to show contacts that are "continuous and systematic as to render [Defendants] essentially at home in the forum state." *Goodyear*, 131 S. Ct. 2851.

Again, the facts asserted here do not support a finding

11

of general jurisdiction.  Indeed, the Brandon affidavit establishes that he and his company, Defendant WMB Construction, Inc., have never conducted any business in Vermont.  *Compare Metro. Life*, 84 F.3d at 572-73 (finding minimum contacts sufficient to support general jurisdiction in a "close case" in which the defendant had $4 million in Vermont sales, registered to do business in Vermont, maintained relationships with dealers and builders in Vermont, provided advertising and support to Vermont residents, and deliberately targeted Vermont for sales).  The Complaint does not offer *prima facie* evidence of jurisdiction, and Upshaw has not provided any facts to contradict Brandon's statements.  The Court therefore finds that it has no personal jurisdiction over Defendants, and their motion to dismiss on this basis is GRANTED.

III.  Leave to Amend

The Second Circuit has held that district courts "should not dismiss [a *pro se* Complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (citation omitted).  Here, Upshaw has offered no support for

his assertion that jurisdiction is proper in Vermont. Furthermore, the Complaint is difficult to understand, and plaintiff U Transport Corp. is barred from proceeding without counsel.  *See* Local Rule 11(b) ("A corporation . . . may not appear *pro se* in any proceeding."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308–10 (2d Cir. 1991) (holding that a "layman" may not represent a separate legal entity).  Nonetheless, the Court cannot say at this time that any effort to amend the Complaint would be futile. More specifically, the Court cannot determine at this stage whether Upshaw's claims are entirely without merit, or whether there may be facts to support federal court jurisdiction in Vermont.

    Accordingly, Plaintiffs are granted leave to file an Amended Complaint.  The Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, in that it must clearly state the grounds for relief and include legible factual allegations.  The Complaint must also allege sufficient facts to establish that jurisdiction is proper in this Court.  The Amended Complaint must be captioned "Amended Complaint," and will completely supersede the current Complaint.  The Amended Complaint must be filed

within 30 days of the date of this Opinion and Order, and failure to do so will result in the dismissal of this case without prejudice.  Finally, if U Transport Corp. wishes to continue as a party in this case, it must appear through counsel or face dismissal.

IV.  Remaining Motions

Upshaw has recently filed two additional motions with the Court.  In the first, he moves the Court to order service upon the United States Secretary of Transportation, and to order the government to return the "tractor and trailer deprived by state defendants."  (Doc. 15 at 1.)  The motion states that the return would be pursuant to the Secretary's delegated authority under 49 U.S.C. § 13905.

The United States Secretary of Transportation is not a named party in this case, and is therefore not subject to service of process.  Nor has Upshaw demonstrated that 49 U.S.C. § 13905 applies in this case.  Section 13905 sets out effective periods of registration for motor carriers.  *See* 49 U.S.C. § 13905.  "On complaint or on the Secretary's own initiative," Section 13905 allows the Secretary to suspend, amend or revoke a registration for, among other things, non-compliance with the statute, an applicable regulation, an

order of the Secretary, or a condition of registration.  49 U.S.C. § 13905(d).

Lack of registration does not appear to be the basis of a claim for relief in this case.[1]  Furthermore, nothing Upshaw has filed in this case establishes that he is entitled to injunctive relief, with or without assistance from the federal government.  The motion to serve the Secretary of Transportation, and to order return of the vehicle, is therefore DENIED.

Upshaw's most recent motion asks the Court to impose fines against Defendants.  The motion asserts that "the issue is defendants using state laws taking I.C.C. tractor and trailor without a judicial trial or due process of law." (Doc. 16 at 3.)  Although Upshaw cites several federal statutes, his motion does not establish that Defendants have violated any of those statutes' provisions.  The motion is therefore DENIED.

## Conclusion

For the reasons set forth above, Plaintiffs' motion for

---

[1] In other litigation brought by Upshaw, the United States District Court for the District of Massachusetts concluded that Section 13905 "does not evince a Congressional intent to create a private cause of action for harm caused by a motor vehicle's lack of registration."  *Upshaw v. Andrade*, 2012 WL 996783, at *5 (D. Mass. Mar. 2, 2012).

15

default judgment (Doc. 10), motion to order service upon the United States Secretary of Transportation (Doc. 15), and motion for imposition of fines (Doc. 16) are DENIED. Defendants' motion to dismiss for lack of personal jurisdiction (Doc. 12) is GRANTED, as is their motion for extension of time in which to file an answer (Doc. 14). Defendants' motion to vacate (Doc. 14) is DENIED.

Plaintiffs may file an Amended Complaint within 30 days of this Opinion and Order. Plaintiff Upshaw may continue to proceed *pro se*, while plaintiff U Transport Corp. must appear with counsel or face dismissal. The Amended Complaint must be captioned "Amended Complaint," and will completely supersede the current Complaint. Failure to file an Amended Complaint within 30 days will result in the dismissal of this case without prejudice.

Dated at Burlington, in the District of Vermont, this 9th day of April, 2013.

/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court